Robert Garrett impleaded with Eli Mintoyne, plaintiff in error *v.* John Phelps, who sues for the use of Henry D. Rhea, defendant in error.

*Error to Madison.*

A judgment by default is irregular unless it appear by a return on a process, that it had been served, and on what day service was made.
The reversal of a judgment by default, where process from the Court below had not been served on the defendant in that Court, does not prejudice any future proceedings.

J. Semple, for the plaintiff in error.

(1) *Ante* 165. See also White *et al. v.* Wiseman, *Ante* 169; Gilmore *v.* Ballard, *Ante* 252; Stringer *v.* Smith *et al., Ante* 295; note, *Ante* 167.

J. B. THOMAS, D. PRICKET, and J. M. KRUM, for the defendant in error.

LOCKWOOD, Justice, delivered the opinion of the Court:

It is assigned for error in this case, that it does not appear from the record that the summons had been served on the defendant below. The summons in the Court below was issued against Garrett and another, but no return was made on the summons of service on either of the defendants. The record, however, states that Garrett " who was alone served with process, made default," and judgment was rendered against him. This was clearly erroneous. In order to render a judgment by default regular, it should appear by a return on the process, that it had been served, and on what day service was made. For this error the judgment is reversed with costs; but the reversal is not to operate to the prejudice of any future proceedings.

*Judgment reversed.*

*Note.* See Ditch *v.* Edwards, *Ante* 127; Wilson *v.* Greathouse, *Ante* 174; Clemson *et al. v.* Hamm, *Ante* 176; Ogle *v.* Coffey, *Ante* 239.